**F I L E D**

**UNITED STATES COURT OF APPEALS**

**September 26, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALEJANDRO SALAZAR,

Defendant-Appellant.

No. 04-3339

District of Kansas

(D.C. No. 04-CR-20013-01-GTV)

**ORDER AND JUDGMENT** *

Before **SEYMOUR** , **HARTZ** , and **McCONNELL** , Circuit Judges.

Defendant Alejandro Salazar pled guilty to distributing fifty grams or more

of methamphetamine in violation of 18 U.S.C. § 841(a)(1) and was sentenced to

262 months' imprisonment. He now appeals his sentence on two separate

grounds. First, he argues that the district court erred in concluding that his prior

Missouri conviction for involuntary manslaughter was a "crime of violence" for

purposes of the career offender enhancement under U.S.S.G. § 4B1.2(a). Second,

he argues that the district court erroneously applied the United States Sentencing

---

*This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Guidelines in violation of the Supreme Court's recent decision in *United States v. Booker*, 125 S.Ct. 738 (2005). Although we agree with the district court that Mr. Salazar's involuntary manslaughter conviction was a "crime of violence" under U.S.S.G. § 4B1.2(a), we vacate his sentence and remand for resentencing in light of *Booker*.

## I. Career Offender Status

The district court substantially increased Mr. Salazar's sentence by sentencing him as a career offender under U.S.S.G. § 4B1.1. A defendant is a career offender if

> (1) the defendant was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1(a). Mr. Salazar concedes the first two elements of this definition, so the only question is whether he had at least two prior felony convictions for a crime of violence or a controlled substance offense. He also concedes that his prior Kansas conviction for aggravated battery is a crime of violence, so the only question is whether his remaining prior conviction, a Missouri conviction for involuntary manslaughter, is also a crime of violence. We review the district court's application of the Guidelines de novo. *United States v. Wacker*, 72 F.3d 1453, 1476 (10th Cir. 1995).

For purposes of the career offender provision in § 4B1.1, a "crime of violence" is

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) . . . otherwise *involves conduct that presents a serious potential risk of physical injury to another*.

U.S.S.G. § 4B1.2 (emphasis added).

Mr. Salazar was convicted of involuntary manslaughter under the following Missouri statute:

> A person commits the crime of involuntary manslaughter in the first degree if he:
> (1) Recklessly causes the death of another person; or
> (2) While in an intoxicated condition operates a motor vehicle in this state and, when so operating, acts with criminal negligence to cause the death of any person.

Mo. Ann. Stat. § 565.024. He was charged under subsection two: causing the death of another person by operating a motor vehicle with criminal negligence while intoxicated. A violation of § 565.024(2) is a felony, Mo. Ann. Stat. § 565.024.2, and meets the career offender requirement of being an offense punishable by more than one year in prison, Mo. Ann. Stat. § 557.021.3(1)(b).

Both the commentary to U.S.S.G. § 4B1.2 and this Court's decisions make clear that Mr. Salazar was convicted of a "crime of violence." The commentary to U.S.S.G. § 4B1.2 says explicitly that the category "crime of violence" includes

"manslaughter." U.S.S.G. § 4B1.2, cmt. n.1. Further, this Court has held that "felony driving under the influence is a crime of violence" under this provision. *United States v. Moore*, ___ F.3d ___, No. 04-8091, 2005 WL 2083039, at *2 (10th Cir. August 30, 2005). In *Moore* we remanded because the state statute covered not only felony *driving* under the influence, which is a crime of violence, but also "sleeping off a hangover inside a locked car," which is not. *Id*. at *5-6. No such uncertainty appears in Mr. Salazar's case. The Missouri statute prohibits the operation, not merely the physical control, of a vehicle while intoxicated.

Accordingly, Mr. Salazar had twice been convicted of a "crime of violence" under § 4B1.2 before the instant case. The district court therefore correctly sentenced him as a career offender.

## II. *Booker*

Based on its conclusion that Mr. Salazar was a career offender, the district court sentenced him to 262 months' imprisonment, a term at the bottom of the recommended Guidelines range of 262-327 months. Mr. Salazar objected to this sentence on the basis of the Supreme Court's decision in *Blakely v. Washington*, 542 U.S. 296 (2004), and we therefore review the sentence for harmless error. *See United States v. Labastida-Segura*, 396 F.3d 1140, 1142 (10th Cir. 2005). In light of Mr. Salazar's *Blakely* objection, the district court imposed an alternative

sentence of 240 months. It is unclear from the record how the district court reached this alternative sentence.

Mr. Salazar now argues on appeal that the district court's application of the Guidelines involved both constitutional and non-constitutional *Booker* error. "Constitutional *Booker* error occurs when a judge-found fact (other than a prior conviction) increases a defendant's sentence beyond the maximum authorized by a jury's verdict or a plea of guilty through the application of mandatory guidelines." *United States v. Serrano-Dominguez*, 406 F.3d 1221, 1222 (10th Cir. 2005). Non-constitutional *Booker* error occurs when a district court applies the Guidelines "in a mandatory fashion, as opposed to [the] discretionary fashion" outlined in the Supreme Court's remedial opinion in *Booker*. *United States v. Gonzalez-Huerta*, 403 F.3d 727, 731-32 (10th Cir. 2005) (en banc) (citing *Booker*, 125 S.Ct. at 769).

Mr. Salazar's constitutional *Booker* challenge is without merit. He complains that the district court increased his sentence based on drug quantities it found under a preponderance of the evidence standard. This is simply not the case. Once the district court determined that Mr. Salazar was a career offender under § 4B1.1, it applied the base offense level specified by that section (37), which did not take into account the presentence report's factual findings on drug quantity. Thus, Mr. Salazar is incorrect when he argues that the district court

increased his sentence based on those findings, and the district court did not commit constitutional *Booker* error.

It did, however, commit non-constitutional *Booker* error: it treated the Guidelines as mandatory in sentencing Mr. Salazar. Such non-constitutional *Booker* error warrants a remand for resentencing where we are unable to say, without undue speculation, that the district court would have imposed the same sentence on remand. *Labastida-Segura*, 396 F.3d at 1143. Here, the district court also proposed an alternative sentence, which can, in some cases, give us enough information about what the district court would do on remand, that a remand is unnecessary. *See, e.g.*, *Serrano-Dominguez*, 406 F.3d at 1224. Specifically, if the district court proposes an alternative sentence based on "the sentencing methodology suggested in *Booker*," we can apply that alternative sentence without remanding to the district court for another sentencing proceeding. *Id.* In this case, however, we do not know how the district court reached its alternative sentence. More to the point, we do not know whether the district court employed the sentencing procedure blessed by the remedial opinion in *Booker*—namely, consultation of the advisory Guidelines and the factors listed in 18 U.S.C. § 3553(a), against a backdrop of appellate reasonableness review. *Booker*, 125 S.Ct. at 767. In fact, the government, conceding that the error in this case was not harmless, suggests that the alternative sentence actually rested on the district

court's miscalculation of the statutory minimum sentence. Aple's Br. 4, n.1 (explaining that the district court stated the defendant would be "committed to the custody of Bureau of Prisons for a term of 240 months, that's the statutory minimum," when the statutory minimum was actually 10 years). Thus, while we do not require the district court to "march through § 3553(a)'s sentencing factors" before we uphold a sentence, *United States v. Rines*, 419 F.3d 1104, 1107 (10th Cir. 2005), where it is unclear whether the district court considered those factors in reaching its sentence, where there is a suggestion that the sentence rested on something other than consideration of those factors, and where the government concedes that the error was not harmless, we think a remand for resentencing is appropriate. We simply do not know whether the district court would impose the same sentence, the alternative sentence, or an entirely different sentence on remand. We therefore cannot conclude that the non-constitutional *Booker* error was harmless, and a remand for resentencing is required.

Entered for the Court,

Michael W. McConnell,
Circuit Judge