**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 14, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALEJANDRO SALAZAR,

Defendant-Appellant.

No. 06-3015
(D.C. No. 04-CR-20013-JWL)
(D. Kan.)

**ORDER AND JUDGMENT** [*]

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Defendant Alejandro Salazar appeals from an order of the district court re-imposing a 262-month sentence on remand following vacatur of his original sentence under *United States v. Booker*, 543 U.S. 220 (2005), *see United States v. Salazar*, 149 F. App'x 816 (10th Cir. 2005). The government has now filed a motion under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004), to enforce

---

[*] This panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

an appeal waiver included in Salazar's plea agreement. For reasons explained below, we grant the motion and dismiss the appeal accordingly.

Salazar pled guilty to distributing fifty grams or more of methamphetamine in violation of 18 U.S.C. § 841(a)(1). His plea agreement recited that "[e]xcept as set forth herein, defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution and sentence." Plea Agreement at 5, para. 9 (filed March 29, 2004). It went on to state that he "knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court," i.e., that "he waives the right to appeal . . . except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court." *Id.* He expressly reserved a right to appeal, however, if he was sentenced as a career offender based on a determination that his "prior conviction for involuntary [vehicular] manslaughter or either of the assault convictions arising out of the same vehicle accident is a crime of violence within the meaning of U.S.S.G. § 4B1.1."[1] *Id.* The issue here is whether this waiver encompasses the present appeal and satisfies the conditions for enforcement set out in *Hahn*.

---

[1]  When the district court found Salazar to be a career offender based on the manslaughter conviction, he appealed that determination and also challenged his sentence under *Booker*. We affirmed the career-offender ruling but vacated and remanded for resentencing under a non-mandatory application of the sentencing guidelines as prescribed by *Booker*. *See Salazar*, 149 F. App'x at 818-19.

Under *Hahn*, we must consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. The miscarriage-of-justice prong requires the defendant to show (a) his sentence relied on an impermissible factor such as race; (b) ineffective assistance of counsel in connection with the negotiation of the appeal waiver rendered the waiver invalid; (c) his sentence exceeded the statutory maximum; or (d) his appeal waiver is otherwise unlawful. *Id.* at 1327. The government's motion addresses all of these factors, explaining why none of them undermines Salazar's appeal waiver. Upon review of the pertinent materials, we agree.

Salazar's response to the government's motion raises an issue that jointly implicates the first two factors. He insists that the following statement made by the district court during the plea colloquy in effect greatly expanded the range of matters he reasonably understood to fall outside the waiver:

> [U]nder the written plea agreement in paragraph 9 [which contains the appeal waiver and reservation language] you have waived your right to appeal the sentence that I impose *unless my sentence would be an illegal one* or unless I should make an upward departure from the sentencing guidelines.

Doc. 70 at 7 (emphasis added). He argues that "[s]ince the court clearly stated the defendant would be able to appeal an illegal sentence, ostensibly any illegal sentence, there is an ambiguity which occurred at the time of the explanation of

-3-

the appellant's waiver of his right to appeal."  Appellant's Opposition to Motion to Enforce Appeal Waiver at 4.  Noting that ambiguities in such waivers are to be construed against the government, *see United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir.), *cert. denied*, 126 S. Ct. 550 (2005), Salazar apparently concludes (though he does not explicitly say) that he is free to appeal on the ground of any sentencing error that could be characterized as legal.[2]

Assuming that the court's mischaracterization of an appeal waiver could create a material ambiguity not present in the language of the waiver itself,[3] we conclude that the ambiguity suggested here would not in any event authorize Salazar's appeal.  The court's reference to an "illegal sentence" could, at most, have reserved a very limited category of permissible appeals into which Salazar's appeal would not fit.

---

[2]     The government notes that Salazar has broadly designated the issue to be raised on appeal as whether his sentence "'was in violation of law.'"  Appellee's Motion to Enforce Appeal Waiver at 7 (quoting Docketing Statement at 4).

[3]     This appears to be an unsettled question.  We have held that statements made by the court *at sentencing* cannot overcome the plain language of an appeal waiver.  *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206-07 (10th Cir. 2004).  Our emphasis on the fact that such statements were made "after the appeal waiver was signed and the guilty plea was entered," *id.* at 1206, suggests that a court's mischaracterization of an appeal waiver might create an ambiguity if expressed during the plea proceedings, but we have not yet conclusively so held.  At least one other circuit in accord with *Arevalo-Jimenez* has noted the same distinction while specifically leaving the effect of erroneous statements made at the plea proceedings an open question.  *United States v. Andis*, 333 F.3d 886, 891 n.5 (8th Cir. 2003).  We note that it is also not clear whether the principle that ambiguities be construed against the government, as drafter of the plea agreement, would apply to ambiguities created by statements from the bench.

We have repeatedly held that "illegal sentence" is not a catch-all term referring to any legal error in the imposition of sentence; rather, a sentence is illegal if it "'is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize.'"[4] *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997) (quoting *United States v. Wainwright*, 938 F.2d 1096, 1098 (10th Cir. 1991) (citation and further quotation omitted)); *see also United States v. Gonzalez-Huerta*, 403 F.3d 727, 739 n.10 (10th Cir.) (holding sentence, even if wrongfully imposed, was not illegal because it did not exceed statutory maximum), *cert. denied*, 126 S. Ct. 495 (2005); *United States v. Brown*, 316 F.3d 1151, 1160 n.4 (10th Cir. 2003) (same).[5] Salazar does not argue, nor do any of the materials submitted to us suggest, that his sentence is deficient in any such fundamental respect. His objection that his sentence was imposed "in

---

[4]     We have also recognized that an unconstitutional sentence is "illegal." *See United States v. Groves*, 369 F.3d 1178, 1182 (10th Cir. 2004).

[5]     While we look to the defendant's understanding of his plea agreement here, that understanding must be *reasonable*. *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003). Given the established meaning of "illegal sentence," Salazar cannot reasonably have understood this reference as creating the broad exception he now seeks to invoke. Indeed, his aberrant gloss on the term would gut the bargain struck by the government in the plea agreement and render superfluous his own express reservation of a right to appeal the crime-of-violence determination, which, as an issue of law, *see, e.g.*, *United States v. Moore*, 401 F.3d 1220, 1225 (10th Cir. 2005); *United States v. Mitchell*, 113 F.3d 1528, 1532-33 (10th Cir. 1997), would be appealable in any event.

violation of law" asserts nothing more than a generic claim of error insufficient to implicate the extremely limited waiver exception the court's reference to "illegal sentence" may have created. *Cf. Gonzalez-Heurta*, 403 F.3d at 739 n.10; *Brown*, 316 F.3d at 1160 n.4.

Turning to the remainder of the *Hahn* test, the government contends that there are no grounds to doubt, in more general fashion, the knowing and voluntary nature of Salazar's plea and associated appeal waiver, and Salazar has not disputed the point. Moreover, we have reviewed the primary record sources relating to this issue–the language of the plea agreement and the Rule 11 colloquy at the plea hearing, *see Hahn*, 359 F.3d at 1325–and agree with the government that they do not reflect any deficiencies that would invalidate the appeal waiver.

We also discern no basis upon which to find a miscarriage of justice. There is nothing in the record, and nothing suggested by Salazar outside the record, to indicate that an impermissible sentencing factor was involved. The sentence imposed was within the statutory maximum. There has been no suggestion that counsel was ineffective in any way with respect to the plea and associated waiver. The only remaining basis for finding a miscarriage of justice, i.e., that the waiver was "otherwise unlawful," requires the demonstration of an error that "'seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings.'" *Hahn*, 359 F.3d at 1329 (quoting *United States v. Olano*, 507 U.S. 725, 732

(1993)).  No potential error of that magnitude has been suggested or is otherwise evident here.

The government's motion to enforce the appeal waiver and dismiss the appeal is GRANTED.  The appeal is DISMISSED.  The mandate shall issue forthwith.

ENTERED FOR THE COURT

PER CURIAM