FILED
United States Court of Appeals
Tenth Circuit

**February 6, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

S          **UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

ALEJANDRO SALAZAR,

      Defendant - Appellant.

No. 08-3151

(D. Kansas)

(D.C. Nos. 07-CV-02578-JWL and 04-CR-20013-JWL-1)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY***

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this proceeding. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant and appellant Alejandro Salazar, a federal prisoner appearing *pro se*, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C.

---

*This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2253(c)(1) in order to challenge the district court's denial of his 28 U.S.C.

§ 2255 motion to vacate, set aside, or correct his sentence. Because Salazar has

failed to satisfy the standards for issuance of a COA, we deny his request and

dismiss this appeal.

## BACKGROUND

On March 29, 2004, Salazar pled guilty to one count of distribution of more

than fifty grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1).

Salazar's plea agreement contained the following waiver of appellate rights:

> **9.** **Waiver of Appeal and Collateral Attack**. Except as set forth
> herein, defendant knowingly and voluntarily waives any right
> to appeal or collaterally attack any matter in connection with
> this prosecution and sentence. . . . By entering into this
> agreement, he knowingly waives any right to appeal a sentence
> imposed which is within the guideline range determined
> appropriate by the court. He also waives any right to
> challenge a sentence or the manner in which it was determined
> in any collateral attack, including, but not limited to, a motion
> brought under 28 U.S.C. § 2255 [except as limited by United
> States v. Cockerham, 237 F.3d 1179, 1187 (10th Cir. 2001)].
> . . . In other words, he waives the right to appeal the sentence
> imposed in this case except to the extent, if any, the court
> departs upwards from the applicable sentencing guideline
> range determined by the court. However, if the court
> determines the defendant's prior conviction for involuntary
> manslaughter or either of the assault convictions arising out of
> the same vehicle accident is a crime of violence within the
> meaning of U.S.S.G. §4B1.1 and classifies him as a career
> offender, and if the defendant would not otherwise be
> classified as a career offender within the meaning of U.S.S.G.
> §4B1.1, the defendant under Fed. R. Crim. P. 11(a)(2) reserves
> his right to appellate review of that ruling.

Plea Agreement at 5.

Salazar was sentenced on August 23, 2004. The district court ruled that Salazar was a career offender under USSG §4B1.1, based in part on the court's determination that Salazar's Missouri state court conviction for driving while intoxicated involuntary manslaughter constituted a "crime of violence" for Guideline purposes. The court then determined that the applicable Guidelines sentencing range was 262 to 327 months, based upon an offense level of thirty-four and a criminal history category VI, and sentenced Salazar the 262 months.

On direct appeal, this court vacated Salazar's sentence and remanded for resentencing. United States v. Salazar, 149 Fed. App'x 816 (10th Cir. Sept. 26, 2005). We upheld the determination that Salazar was a career offender under the Guidelines, on the ground that the manslaughter conviction represented a "crime of violence" for career offender enhancement purposes. We held, however, that the district court had committed a non-constitutional error under United States v. Booker, 543 U.S. 220 (2005) when it sentenced Salazar, and we accordingly remanded for resentencing.

On December 19, 2005, the district court again sentenced Salazar to 262 months. When Salazar attempted to appeal that decision, we dismissed his appeal after granting the government's motion to enforce the appeal waiver contained in the plea agreement. United States v. Salazar, 188 Fed. App'x 787 (10th Cir. July 14, 2006).

Salazar then filed the instant motion under § 2255, contending that his counsel was ineffective in that (1) he entered into the guilty plea and plea agreement based on counsel's representation that Salazar would not be sentenced as a career offender; and (2) his counsel at resentencing should have argued that the case of Shepard v. United States, 544 U.S. 13 (2005), precluded application of the career offender provisions to Salazar. The government, citing United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004), moved to enforce Salazar's waiver of collateral attacks on his sentence, as stated in his plea agreement. The district court denied Salazar's § 2255 motion, finding:

> Salazar has not established ineffective assistance of counsel relating to his entering into the plea agreement and waiver. Based on that failure, the Court concludes that Mr. Salazar's claim falls within the scope of his waiver of appeal and collateral attack, that his plea and waiver were knowing and voluntary, and that enforcement of the waiver would not result in a miscarriage of justice. Therefore, under Hahn, Mr. Salazar's waiver will be enforced, and this claim is dismissed.

Mem. and Order at 9. The court further held that Salazar's Shepard claim also fell within the scope of the appellate waiver and should be dismissed. Alternately, the court held that it fails on its merits.

Salazar filed a notice of appeal and requested that the district court issue a COA and grant him leave to proceed on appeal *in forma pauperis*. The district court denied Salazar a COA but granted him leave to proceed on appeal *ifp*.

-4-

## DISCUSSION

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322 (2003). In other words, a federal prisoner may appeal from the denial of a § 2255 motion only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(1). A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. § 2253(c)(2). In order to make such a showing, a federal prisoner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (citation and internal quotation marks omitted). Where the district court denies a habeas petition on procedural grounds, as well as on the merits of the underlying constitutional claim, a petitioner must show that reasonable jurists would find debatable *both* (1) whether the petition states a valid claim of the denial of a constitutional right, *and* (2) whether the district court was correct in its procedural ruling. Cf. Slack, 529 U.S. at 484 (holding that, where district court reached only the procedural issue, petitioner must establish that the court's rulings on both that issue and the merits are reasonably debatable). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the

petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." Id. The Supreme Court has instructed courts to resolve the procedural issue first. Id. at 485.

Having reviewed the record, we agree with the district court that Salazar has failed to establish that he had ineffective assistance of counsel relating to his entering into the plea agreement and waiver. We also agree that Salazar's waiver of his appellate rights was knowing and voluntary, that the waiver bars Salazar's claims, and that enforcement of the waiver would not result in a fundamental miscarriage of justice. See Hahn, 359 F.3d at 1325-29. The waiver in the plea agreement accordingly precludes Salazar's § 2255 motion. No reasonable jurist could debate the propriety of the district court's ruling on those issues.

The request for a COA is denied and this appeal is dismissed.

## CONCLUSION

For the foregoing reasons, the request for a COA is DENIED and the appeal is DISMISSED[**]

                              ENTERED FOR THE COURT

                              Stephen H. Anderson
                              Circuit Judge

---

[**]In light of our disposition regarding the appellant's request for a certificate of appealability, we need not address the government's motion to enforce the plea filed on June 25, 2008.