FILED
United States Court of Appeals
Tenth Circuit

June 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

GUSTAVO GUTIERREZ,

    Defendant-Appellant.

10-6034
(5:08-CR-00145-C-9 and
5:09-CV-00931-C)
(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **MURPHY**, **GORSUCH**, and **HOLMES**, Circuit Judges.

Gustavo Gutierrez, a federal prisoner, pled guilty to one count of being an illegal alien in the United States without permission, in violation of 8 U.S.C. § 1326(a), and one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. As part of his plea agreement, Mr. Gutierrez waived his right to appeal or collaterally attack any aspect of his conviction or sentence. Nevertheless, Mr. Gutierrez later filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforced the waiver provision in Mr. Gutierrez's plea agreement and denied his § 2255 motion. Mr. Gutierrez now seeks to appeal that ruling. Before he may do so, though, he must first obtain from us a certificate of appealability (COA). Because the district court was unquestionably correct to enforce the plea agreement, we deny Mr. Gutierrez's request for a COA and dismiss his appeal.

\* \* \*

In his § 2255 motion, Mr. Gutierrez seeks a reduced sentence on the grounds that his attorney provided him inadequate assistance of counsel in violation of the Sixth Amendment.[1] *See Strickland v. Washington*, 466 U.S. 668 (1984). Specifically, he alleges that his lawyer did not explain the consequences of his plea agreement, did not file an appeal as he requested, and failed to object to certain aspects of the pre-sentence report prepared before Mr. Gutierrez's sentencing. In the district court, the government opposed Mr. Gutierrez's § 2255 motion, arguing that the waiver provision in his plea agreement is enforceable and thus bars him from pursuing his claims.

To determine whether the plea agreement precluded Mr. Gutierrez's claims, the district court applied the three-part analysis we set forth in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc). First, it concluded that Mr. Gutierrez's claims fall within the plain terms of his plea agreement's waiver

---

[1] Because Mr. Gutierrez pursues his claims *pro se*, we afford his pleadings the solicitous construction they are owed. *See Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007).

provision.  *See D. Ct. Order* at 2, R. Vol. I at 205 (citing *Hahn*, 359 F.3d at 1325).  It reasoned that Mr. Gutierrez's § 2255 motion seeks to collaterally challenge his sentence, while his plea agreement expressly states that he "waives his right to . . . collaterally challenge his guilty plea, sentence and restitution imposed, and any other aspect of his conviction."  *Plea Agreement* at 7, R. Vol. I at 101.

Second, it concluded that Mr. Gutierrez had knowingly and voluntarily agreed to the waiver.  It based this conclusion on Mr. Gutierrez's representations in the signed plea agreement and at the change of plea hearing that he understood the terms of the agreement and had accepted them free of any undue influence or coercion.  *See D. Ct. Order* at 2, R. Vol. I at 205 (citing *Hahn*, 359 F.3d at 1325).  In particular, the district court noted that at the change of plea hearing it had "specifically pointed out to Defendant that he was giving up his right to appeal or collaterally challenge the conviction" and Mr. Gutierrez "expressed his understanding and agreement with those terms."  *Id.*; *see also* R. Vol. I at 251-58.

Third, the district court concluded that enforcing the plea agreement would not result in a miscarriage of justice.  *D. Ct. Order* at 2-4, R. Vol. I at 205-07 (citing *Hahn*, 359 F.3d at 1327).  At this step in the analysis, the court considered and rejected Mr. Gutierrez's argument that his attorney had provided him ineffective assistance during his plea process.  Specifically, it concluded that Mr. Gutierrez failed to demonstrate that his counsel's alleged errors prejudiced him,

- 3 -

because he made no showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001) (emphasis and internal quotation marks omitted); *see also United States v. Clingman*, 288 F.3d 1183, 1186 (10th Cir. 2002) ("To prevail on his ineffective assistance claim, defendant must show that he was prejudiced by his trial counsel's allegedly deficient performance.").

Based on these conclusions, the district court held that Mr. Gutierrez's plea agreement was enforceable and barred him from bringing the remaining ineffective assistance of counsel claims. Accordingly, it denied his § 2255 motion. Mr. Gutierrez now seeks to appeal that ruling.

\* \* \*

Before Mr. Gutierrez may pursue his appeal, however, he must first obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). Because the district court denied his request for a COA, he has renewed that request to us. We will not issue a COA unless the defendant makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And where, as here, the district court disposes of a case on procedural grounds, the defendant must also demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Salazar*, 311 F. App'x 110, 112-13 (10th Cir.

- 4 -

2009) (unpublished) (treating enforcement of collateral attack waiver as procedural ruling).

For substantially the same reasons as the district court, we hold that Mr. Gutierrez has failed to meet these burdens. *See Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude . . . that the district court erred in dismissing the petition . . . ."). Neither is any additional elaboration by us likely to improve on the district court's thoughtful analysis. We thus deny Mr. Gutierrez's request for a COA and dismiss his appeal. We also deny Mr. Gutierrez's motion to proceed *in forma pauperis* because he has failed to identify "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (internal quotation marks omitted).

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge