PUBLISH

**F I L E D**
United States Court of Appeals
Tenth Circuit

**JUN 22 2004**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**PATRICK FISHER**
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALBERT AREVALO-JIMENEZ,

Defendant-Appellant.

No. 02-2335

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
(D.C. No. CR-02-1444 JC)

Howard Anderson, Albuquerque, New Mexico, for Defendant-Appellant.

David Williams, Assistant United States Attorney (David C. Iglesias, United States
Attorney, and Norman Cairns, Assistant United States Attorney, on the briefs),
Albuquerque, New Mexico, for Plaintiff-Appellee.

Before **KELLY**, **McKAY**, and **O'BRIEN**, Circuit Judges.

**McKAY**, Circuit Judge.

On August 19, 2002, Appellant entered into a plea agreement on a charge of unlawful reentry into the United States after having been previously convicted of a felony, in violation of 18 U.S.C. § 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(1). The plea agreement provided that "the defendant knowingly waives the right to appeal any sentence within the guideline range . . . as determined by the Court after resolution of any objections by either party to the presentence report . . . ." Rec., Vol. I, at 5. Despite this waiver, Appellant now appeals the district court's ruling that certain misdemeanor convictions (in which the record is silent on whether Appellant was represented) are included in his criminal history.

We have "both statutory and constitutional subject matter jurisdiction over appeals when a criminal defendant has waived his appellate rights in an enforceable plea agreement." United States v. Hahn, 359 F. 3d 1315, 1324 (10th Cir. 2004). In Hahn, we adopted a new three-prong analysis for reviewing appeals brought after a defendant entered into such a waiver. The three prongs are "to determine: (1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." Id. at 1325. Since Hahn was decided after this appeal was briefed, Hahn's new intra-court procedure–requiring a Motion for Enforcement of the Plea Agreement and a summary dismissal if the panel

finds the plea agreement enforceable–is not invoked. However, the basic analysis set forth in Hahn governs our decision here.

Applying the first prong, we conclude that this appeal falls within the scope of Appellant's waiver. Appellant signed a broad waiver. In exchange for consideration from the Government in the plea agreement, Appellant waived his right to appeal "any sentence within the guideline range" after the district court resolved the objections to the presentence report. Rec., Vol. I, at 5. The issue on appeal–whether misdemeanor convictions were properly included in Appellant's criminal history–was raised as an objection to the presentence report. The district court held two hearings on this issue and concluded that Appellant's misdemeanor convictions should be counted. The district court then sentenced Appellant to 21 months, the lowest end of the applicable guideline range (21 to 27 months). Rec.,Vol. III, at 29.

Even after narrowly construing the scope of Appellant's waiver and resolving any ambiguities in his favor, Hahn, 359 F.3d at 1325, this appeal falls within the scope of the waiver. Appellant argues that "at the end of the sentencing hearing [he] assumed that he had preserved his right to appeal his sentence, and that any waiver had been modified by the action of the Government and by order of the District Court." Aplt. Reply to Supp. Br. at 5. Appellant focuses on the district court's statement that "pursuant to the plea agreement . . . [Appellant] can appeal . . . the issues relating to the calculation of his criminal history." Rec., Vol. III, at 30. Appellant argues that this statement, coupled with

the Government's failure to object to it, preserved his right to appeal the use of his misdemeanor convictions.

A similar argument was made in Hahn, where the defendant's counsel, at sentencing, "indicated that he believed Mr. Hahn was entitled to appeal," despite the waiver of appellate rights. Hahn, 359 F.3d at 1328 n.14. We concluded that "statements made after the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver." Id. As in Hahn, the statements Appellant refers to were made at sentencing, after the appeal waiver was signed and the guilty plea was entered. Although it is unclear, Appellant appears to argue that his plea was not effective until sentencing, when the district court judge acknowledged the plea. However, Appellant consented to have a magistrate judge enter his plea on August 19, 2002, more than three months before sentencing. The magistrate judge told Appellant that he was "entitled to appear before a United States District Judge to hear [his] plea," and Appellant waived this right and gave the magistrate judge both written and oral consent to enter his plea. Rec., Vol. I, at 5.

Therefore, the guilty plea (taken pursuant to the plea agreement containing the waiver) was entered by the magistrate judge with Appellant's consent. Although the district court later addressed the plea agreement, we have held that "absent exceptional circumstances, the district court lacks authority to modify a plea agreement at sentencing." United States v. Rubio, 231 F.3d 709, 712 (10th Cir. 2000). Because we

find no such exceptional circumstances here, we hold that the district court's statements at sentencing did not modify the broad language of the waiver.

The breadth of the waiver is not only clear from its language but also from the magistrate judge's colloquy. Before entering the plea, the magistrate judge asked Appellant if he understood the broad scope of his waiver. The magistrate judge clarified that Appellant had waived his right to appeal any legal sentence and told him that the "only exception is that after the appropriate sentencing guideline level is determined, if the sentencing judge increases–that is, makes it more severe–then and only then may you appeal your sentence." Rec., Vol. I, at 8. Appellant said he understood this. Id. "We construe a defendant's plea agreement 'according to contract principles and what the defendant reasonably understood when he entered his plea.'" United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003) (quoting United States v. Veri, 108 F.3d 1311, 1313 (10th Cir. 1997)). The waiver's language and the magistrate judge's colloquy about its breadth make clear that Appellant understood, before entering his plea, that he was waiving the right to bring this appeal.

Notwithstanding this evidence that Appellant understood his waiver, Appellant argues that the Government, by failing to object to the district court's statements, effectively modified the terms of the waiver and lost the right to enforce it. Although parties to a plea agreement (like parties to other contracts) can modify it, the parties here agreed that the plea agreement "may not be altered unless done so in writing and signed

by all parties." Rec., Vol. I, at 6. We hold both a defendant and the Government to the terms of a lawful plea agreement. See Chavez-Salais, 337 F.3d at 1172. Since Appellant, by contract, forfeited the right he would otherwise have to modify his waiver without a written and signed agreement, we hold him to the terms of the written waiver and conclude that this appeal falls within the scope of that waiver.

Applying the second prong, we hold that Appellant's waiver was entered into knowingly and voluntarily. Appellant bears the burden of proof on this issue. Hahn, 359 F.3d at 1329. Appellant does not dispute that when he entered into the waiver he did so knowingly and voluntarily. Instead, Appellant argues that the Government "is estopped from raising any claim of waiver" in light of events that occurred at sentencing after he entered his plea pursuant to the plea agreement. Aplt. Reply Br. at 1. Since Appellant concedes that, at the time he entered into the waiver (which is the only relevant time for this inquiry, Hahn, 359 F.3d at 1329), he did so knowingly and voluntarily, and since we have concluded that the waiver was not modified by subsequent events, the second prong of the Hahn test is met.

Applying the third prong, we conclude that enforcing Appellant's waiver would not be a miscarriage of justice. "To constitute a miscarriage of justice, enforcement of [Appellant's] waiver must result in one of the four scenarios enumerated in [United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)]." Hahn, 359 F.3d at 1329. These are:

> [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with

the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.

Id. at 1327 (citing Elliot, 264 F.3d at 1173). Appellant does not argue that any of these circumstances exist, and we cannot say that enforcing the waiver here would result in a miscarriage of justice.

We enforce Appellant's waiver and DISMISS this appeal.