**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 1, 2007**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

No. 05-6257

v.

W.D. of Okla.

MICHAEL PATRICK BRUNTON,

(D.C. No. CR-04-223-01-T)

Defendant-Appellant.

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.[**]

Michael Patrick Brunton agreed to plead guilty to one count of mail fraud in violation of 18 U.S.C. § 1341 and to forego his right to appellate review as part of a plea agreement. The district court subsequently sentenced him to 16 months in prison and ordered him to pay restitution to his victims.

Despite having waived his appellate rights in this case, Brunton claims the district court erred in calculating the amount of losses to his victims. In doing so,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] This matter is submitted on the briefs per the court's order, dated October 10, 2006, pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

he contends the court wrongfully bumped him into a higher sentencing range than he deserved.[1]

Because we agree with the government that Brunton waived his right to appeal, we enforce the waiver and dismiss this appeal.

## I. Background

Brunton was indicted on 12 counts of mail and wire fraud after being caught running an on-line auction scheme whereby he would offer up certain items for sale (e.g., football tickets, Rolex watches), accept payment from the winning bidder, but not remit any item in return. Brunton's criminal conduct first came to light in late 2002, when two users of the Internet auction eBay complained that they had ordered and paid for a Rolex watch that they never received. As authorities began investigating the matter, a host of similar unconsummated deals were uncovered. United States postal authorities, together with eBay and PayPal staff, ultimately identified Brunton as the source of the fraudulent offers.

Investigators identified 40 victims who never obtained their winning bids. Pursuant to Brunton's guilty plea, the government dropped all but one count

---

[1] Brunton's brief refers several times to the district court's loss calculation as an error in calculating "restitution." It is clear from the briefs, however, that Brunton is challenging on appeal the court's calculation of the length of his sentence based on the amount of victim loss under the United States Sentencing Guidelines, § 2B1.1. To the extent he challenges restitution, his only concern is with the accuracy of the district court's calculation of amount.

against him.  In return, Brunton promised not to appeal his sentence or how it was determined.

At sentencing, the government attributed the actual losses to Brunton's victims as $72,758.91, while intended loss (that which would have resulted but for cancelled checks, etc.) was $102,126.30. [Gov. Brief at 5.]  Brunton specifically objected to the loss calculations stemming from two victims totaling $8,765.  The district court held a hearing on the amount of loss attributed to the two victims, and then overruled Brunton's objections.

Finding the actual losses from Brunton's crime to exceed $70,000, the district court determined that Brunton's sentencing range was 12–18 months.  *See* United States Sentencing Guidelines (USSG) § 2B1.1.  Had Brunton caused losses under $70,000, he would have been eligible for a lower guideline range than he received (8–14 months rather than 12–18 months).  Nevertheless, causing losses above $70,000 (but below $120,000) merited a 2-point enhancement under the Guidelines with a concomitant increase in the applicable sentencing range.  *See* USSG § 2B1.1(b)(E).  The court went on to sentence Brunton to 16 months in prison and ordered restitution in the amount of $72,758.91.

On appeal, Brunton revives his objections to losses attributed to two victims in the amount of $8,765 to advance his claim that the actual losses were below the $70,000 threshold.  "The Defendant vehemently denie[s] causing loss above $70,000 to warrant an enhancement [in offense level score] of eight instead

of the appropriate enhancement of six. Consequently the trial judge was guided by the wrong guideline range and imposed an excessive sentence." Aplt. Brief at 5. The government counters that we are precluded from reaching the merits of Brunton's claim because of the explicit appellate waiver contained in his plea agreement.

## II. Analysis

We have held that if we find a waiver to be valid and enforceable, we will enforce its terms and dismiss an appeal. *United States v. Hahn*, 359 F.3d 1315, 1329 (10th Cir. 2004).

### A. Enforcing Appellate Waivers

An appellate waiver will be enforced if (1) the disputed appeal falls within the scope of the waiver; (2) the waiver was made knowingly and voluntarily; and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325.

We interpret the terms of a plea agreement "according to contract principles and what the defendant reasonably understood when he entered his plea." *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004). Moreover, while we construe "any ambiguities in these agreements [] against the Government," *United States v. Porter*, 405 F.3d 1136, 1142 (10th Cir. 2005) (internal quotation omitted), we start by "examin[ing] the plain language of the plea agreement." *United States v. Taylor*, 413 F.3d 1146, 1151 (10th Cir. 2005).

-4-

## B. Brunton's Appellate Waiver

### 1. Scope of the Waiver

For economic crimes, the applicable sentencing range is a function of the pecuniary loss flowing from the defendant's conduct. To determine the sentence here, the district court was required by the Guidelines to calculate the "actual loss" attributable to the crime, i.e., the "reasonably foreseeable pecuniary harm that resulted from the offense." USSG, § 2B1.1 cmt. 3(A)(I).[2]

Brunton agreed in his appeal waiver not to challenge his sentence or the manner in which it was determined. Specifically, Brunton agreed as follows:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
> * * *
> (b) *Appeal, collaterally challenge, or move to modify . . . his sentence as imposed by the Court and the manner in which the sentence is determined*, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case.

Aplt. App. at 18 (emphasis added). The question for us, then, is whether the instant appeal falls within the scope of this explicit appellate waiver. We conclude that it does.

Firstly, Brunton's appeal falls squarely within the plain meaning of the waiver. His appeal is a direct challenge to the manner in which his sentence was determined. The district court conducted a straightforward application of the

---

[2] The restitution award in this case happens to be identical to the loss calculation used to determine Brunton's sentencing range under the Guidelines.

Guidelines in determining the appropriate guideline range, and then, after determining the amount of loss, exercised its discretion to impose a sentence within the range.

Secondly, Brunton's claim that his sentence exceeded the guideline range is without merit. The district court concluded that Brunton's total offense level (13) and criminal history category (I) yielded a sentencing range of 12–18 months imprisonment. Ultimately receiving a prison term of 16 months, Brunton plainly received a sentence "within or below the advisory guideline range determined by the Court to apply to this case."

Thus, the sentence imposed was within the scope of the appellate waiver.

### 2. *Waiver was Knowing & Voluntary*

"When determining whether a waiver of appellate rights is knowing and voluntary, we especially look to two factors. First, we examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily. Second, we look for an adequate Federal Rule of Criminal Procedure 11 colloquy." *Hahn*, 359 F.3d at 1325 (internal citations omitted).

The first component of a knowing, voluntary waiver was clearly satisfied by the express language in Brunton's plea agreement providing that:

[D]efendant . . . *knowingly and voluntarily* waives his right to:
    a. Appeal or collaterally challenge his guilty plea and any other aspect of his conviction, including but not limited to any rulings on

pretrial suppression motions or any other pretrial disposition of motions and issues.

b. Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the applicable guideline range determined by the Court to apply to this case. Defendant acknowledges that this waiver remains in full effect and is enforceable, even if the Court rejects one or more of the positions of the United States or defendant set forth in paragraph 7 concerning the application of the U.S. Sentencing Guidelines.

c. It is provided that (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the Court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect.

Aplt. App. at 18 (emphasis added). Brunton was represented by counsel and he supplies no reason to believe he did not know what rights he was waiving.

The transcript of the Rule 11 colloquy reinforces our conclusion that Brunton's appellate waiver was knowing and voluntary. At the hearing on March 8, 2005, the district court specifically addressed the waiver of appeal referenced in the plea agreement and asked Brunton if he understood it.

THE COURT: In your plea agreement, you may recall that you have waived your right to appeal or collaterally challenge any sentence imposed by the Court, except under limited and specified circumstances. Do you understand that - -

BRUNTON: Yes.

THE COURT: - - as part of your plea agreement? Do you have any questions about anything that has taken place in these proceedings?

-7-

BRUNTON: No.

Plea Tr. at 9. We are satisfied that Brunton knowingly and voluntarily waived his right to bring this appeal.

### 3. Enforcing the Waiver will not Result in a Miscarriage of Justice

Finally, we consider whether an appellate waiver will result in a miscarriage of justice. Under *Hahn*, a defendant must show (1) the district court relied on an impermissible factor such as race in computing the sentence, (2) ineffective assistance of counsel rendered the waiver invalid, (3) the sentence exceeded the statutory maximum, or (4) the waiver was otherwise unlawful. *Hahn*, 359 F.3d at 1327 (internal citation omitted).

Factors one and two are not at issue in this case: Brunton neither argues the district court relied on an impermissible factor in sentencing, nor does he raise an ineffective assistance of counsel claim. This limits our miscarriage of justice analysis to whether the sentence exceeds the statutory maximum or whether the waiver is otherwise unlawful.

Brunton's prison term of 16 months was far below the statutory maximum for his offense, which is 20 years. *Hahn* "refers to the upper limit of punishment that Congress has legislatively specified for the violation of a given statute." *United States v. Green*, 405 F.3d 1180, 1194 (10th Cir. 2005). The statute under which Brunton pleaded guilty, 18 U.S.C. § 1341, authorizes a maximum term of imprisonment of "not more than 20 years" and fines up to $250,000 (pursuant to

18 U.S.C. § 3571).  Brunton's 16-month prison term obviously falls well below the statutory maximum for his offense and thus his appellate waiver cannot be challenged on this basis.  And, although the plea agreement does not contain an expected amount of restitution, Brunton's challenge is not to the order of restitution itself, but to the loss calculation under USSG § 2B1.1 and its affect on the length of his prison sentence.

As to our catch all "otherwise unlawful" element, under *Hahn* "the error [must] seriously affect[] the fairness, integrity or public reputation of judicial proceedings."  359 F.3d at 1327 (internal quotation marks omitted).  Brunton claims the district court committed such error in establishing the loss calculation and associated sentencing guideline range.

Brunton misinterprets the miscarriage of justice exception, which looks to whether "the waiver is otherwise unlawful," *Hahn*, 359 F.3d at 1327, not whether some other aspect of the proceeding may have involved legal error.  His claim that the appellate waiver should be excused due to alleged errors in establishing his guideline range entails what *Hahn* called "the logical failing[] of focusing on the result of the proceeding, rather than on the right relinquished, in analyzing whether an appeal waiver is [valid]." *Id.* at 1326 n.12.  To allow alleged errors in computing a defendant's sentence to render a waiver unlawful would nullify the waiver based on the very sort of claim it was intended to waive.  This circular argument has been rejected in many cases. *See, e.g.*, *United States v. Morgan*,

386 F.3d 376, 381–82 (2d Cir. 2004); *United States v. Andis*, 333 F.3d 886, 892 (8th Cir. 2003); *United States v. Brown*, 232 F.3d 399, 403–04 (4th Cir. 2000); *United States v. Kratz*, 179 F.3d 1039, 1041 (7th Cir. 1999).

Brunton does not allege that the waiver itself is unenforceable, but attacks the loss calculations under § 2B1.1. This is precisely the type of attack we sought to foreclose in Hahn and, therefore, we decline to find Brunton has satisfied the miscarriage of justice exception.[3]

### III. Conclusion

Because we are satisfied that the appeal is within the scope of Brunton's appellate waiver and that the district court did not clearly err in calculating the actual losses, we DISMISS this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

---

[3] We also reject Brunton's claim that constitutional *Booker* error plagues his sentence because but for the district court's error "the result of the proceeding would have been different." *United States v. Gonzalez-Huerta*, 403 F.3d 727, 733 (10th Cir. 2005). Brunton argues that "with an offense category of 11 [rather than 13] . . . the Court may have been persuaded to grant [him] probation." Aplt. Brief at 7. However, the district court dispelled such wishful thinking at sentencing when it said: "Mr. Brunton, I'm going to send you to prison, and I'm going to do that because punishment is a legitimate goal of sentencing and you deserve it. And you'll do this time, and when you come back you can – you can work hard to make restitution to your victims." Aplt. App. at 50–51.