**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 30, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JORGE MEDINA-MONTES,

Defendant-Appellant.

Nos. 08-3036 & 08-3037
(D.C. Nos. 6:05-CR-10121-MLB-1 &
6:06-CR-10257-MLB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McCONNELL**, and **HOLMES**, Circuit Judges.

In case number 05-10121-1, defendant Jorge Medina-Montes pleaded guilty

to conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and

agreed to forfeiture under 21 U.S.C. § 853. In case number

06-10257-1, he pleaded guilty to conspiracy to distribute cocaine and

methamphetamine in violation of 21 U.S.C. § 846. In each case,

---

[*]     This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Mr. Medina-Montes signed a plea agreement, "knowingly and voluntarily" waiving "any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." Mot. to Enforce, Attach. A at ¶ 12; *id.*, Attach. C at ¶ 12. He also "knowingly waive[d] any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court." *Id.*, Attach. A at ¶ 12; *id.*, Attach. C at ¶ 12. At sentencing, the district court, among other things, considered the sentencing guideline range of "262 to 327" months' imprisonment but sentenced him, in each case, to 144 months' imprisonment, to run concurrently. *Id.*, Attach. E at 16, 19, 21-22. Despite Mr. Medina-Montes's appeal waivers, he filed a notice of appeal challenging each sentence. We consolidated the appeals for procedural purposes, and the government moved to enforce Mr. Medina-Montes's appeal waivers under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). For the reasons explained below, we grant the government's motion and dismiss the appeals.

In *Hahn*, we held that a waiver of appellate rights will be enforced if: (1) "the disputed appeal falls within the scope of the waiver of appellate rights; (2) . . . the defendant knowingly and voluntarily waived his appellate rights; and (3) . . . enforcing the waiver would [not] result in a miscarriage of justice." 359 F.3d at 1325. Mr. Medina-Montes does not contend that his appeals are beyond the scope of his waivers of appellate rights. He does argue, however, that

-2-

he did not knowingly and voluntarily waive those rights because "he did not understand that he had waived his right to appeal the sentence." Aplt. Resp. to Mot. to Enforce at 2. Indeed, he contends that "[a]t sentencing the district court specifically advised [him] that he could appeal his sentence and that his counsel would file a Notice of Appeal on his behalf." *Id.* at 1.

In determining whether Mr. Medina-Montes's waivers of his right to appeal were knowing and voluntary, we consider whether the plea agreements state that he entered them "knowingly and voluntarily," and whether there were "adequate Federal Rule of Criminal Procedure 11 colloqu[ies]." *Hahn*, 359 F.3d at 1325. He bears the "burden to present evidence from the record establishing that he did not understand the waiver[s]." *Id.* at 1329 (quotation omitted). Mr. Medina-Montes has not met his burden. As noted above, each of the plea agreements he executed specifically stated that he was entering them knowingly and voluntarily. And at each of his Rule 11 plea colloquies, the court summarized each plea agreement and informed him of the constitutional rights he was waiving, including the right to appeal. Mot. to Enforce, Attach. B at 5-18; *id.*, Attach. D at 7, 11-21. He represented to the court that he was entering into the plea agreements of his own free will, that he had a full opportunity to discuss with his attorney his cases, and that he was satisfied with his attorney's representation. *See id.*, Attach. B at 3, 14-15; *id.*, Attach. D at 7-8, 13, 19. "[S]tatements made in a plea colloquy are presumed to be true." *United States v. Edgar*, 348 F.3d 867,

873 (10th Cir. 2003). Further, Mr. Medina-Montes's contention that his waivers were not knowing and voluntary because at sentencing the district court advised him of his right to appeal, is without merit. "'[S]tatements made after the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver.'" *United States v. Arevalo-Jiminez*, 372 F.3d 1204, 1206 (10th Cir. 2004) (quoting *Hahn*, 359 F.3d at 1328); *see also id.* (noting that "absent exceptional circumstances, the district court lacks authority to modify a plea agreement at sentencing" (quotations omitted)). That is, the district court's post-plea sentencing comment in this case is unlike a comment *made during a plea colloquy* that "introduce[s] ambiguity so as to preclude [a] finding that the waiver of [a] right to appeal . . . was knowing and voluntary." *United States v. Wilken*, 498 F.3d 1160, 1167 (10th Cir. 2007).[1] On these facts, we hold that Mr. Medina-Montes's appeal waivers were knowingly and voluntarily given.

Mr. Medina-Montes also argues that "enforcement of the waiver[s] would constitute a miscarriage of justice" because "counsel was ineffective in the

_____

[1]    Thus, it would be unlikely that the statement in the instant case would introduce the kind of ambiguity addressed in *Wilken*; in this case, the court immediately qualified its appellate-rights statement and linked it to the waivers contained in the plea agreements. *See* Mot. to Enforce, Attach. E at 23 ("[Y]ou may appeal your sentence. [Your attorney] can discuss that with you. And he will file a notice of appeal on your behalf. I can't advise you about an appeal other than to tell you that an appeal, the right to appeal exists only to the extent that you haven't waived it in the Plea Agreement[s].").

negotiation of the waivers contained in the plea agreements." Aplt. Resp. to Mot. to Enforce at 2.[2] But "[w]ith rare exception, a defendant must raise ineffective assistance of counsel claims in a collateral proceeding, not on direct appeal." *Edgar*, 348 F.3d at 869.

The government's motion to enforce the waiver is GRANTED, and the appeals are DISMISSED.

<div style="margin-left: 40%;">

ENTERED FOR THE COURT
PER CURIAM

</div>

---

[2] Counsel for Mr. Medina-Montes filed the response to the government's motion to enforce and notes that "[w]hile counsel cannot comment on his own effectiveness, [he] is compelled to call to the attention of the court" Mr. Medina-Montes's ineffectiveness claim. Aplt. Resp. to Mot. to Enforce at 2.