FILED
United States Court of Appeals
Tenth Circuit

January 11, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JORGE MEDINA-MONTES,

      Defendant - Appellant.

Nos. 09-3247 & 09-3248
(D. Kansas)
(D.C. Nos. 6:09-CV-01148-MLB
& 6:09-CV-01149-MLB
& 6:05-CR-10121-MLB-1
& 6:05-CR-10257-MLB-1)

---

**ORDER DENYING CERTIFICATE
OF APPEALABILITY**

---

Before **LUCERO**, **McKAY,** and **MURPHY**, Circuit Judges.

---

This matter is before the court on Jorge Medina-Montes's pro se request for

a certificate of appealability ("COA"). Medina-Montes seeks a COA so he can

appeal the district court's denial of his consolidated 28 U.S.C. § 2255 motion.

28 U.S.C. § 2253(c)(1)(B). Because Medina-Montes has not "made a substantial

showing of the denial of a constitutional right," *id.* § 2253(c)(2), this court **denies**

his request for a COA and **dismisses** this appeal.

Medina-Montes pleaded guilty, in two separate cases, to conspiracy to

distribute methamphetamine and cocaine. *United States v. Medina-Montes*, 283

Fed. App'x 626, 627 (10th Cir. 2008). "In each case [Medina-Montes] signed a

plea agreement, knowingly and voluntarily waiving any right to appeal or collaterally attack any matter in connection with [his] prosecution, conviction and sentence." *Id.* (quotations omitted).  Despite his waiver of appellate rights, Medina-Montes filed an appeal challenging his sentences.  *Id.*  This court concluded Medina-Montes's waivers of appellate rights were knowing and voluntary, enforced the waivers, and dismissed his appeal.  *Id.* at 627-28.

Medina-Montes then filed the instant consolidated § 2255 motion asserting numerous claims of ineffective assistance of trial counsel.  The district court concluded that, with one significant exception, all of Medina-Montes's claims of ineffective assistance were barred by the waiver of collateral rights set out in the plea agreement.  *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001) (holding that a waiver of collateral rights applies to claims of ineffective assistance of counsel with the exception of such claims asserting ineffective assistance rendered the plea or waiver unknowing or involuntary).  The district court rejected on the merits Medina-Montes's claim that trial counsel's ineffective assistance rendered his waiver unknowing and involuntary.[1]  The district court noted the plea agreements, plea petitions, and transcripts of Median-Montes's guilty pleas conclusively established that Medina-Montes's guilty pleas and

---

[1]Medina-Montes baldly asserts his trial counsel should have negotiated a conditional guilty plea rather than a plea agreement containing an appeal waiver. There is absolutely nothing in the record to indicate the prosecution was remotely willing to enter into such an arrangement.

waivers of collateral rights were knowingly and voluntary. In so doing, the district court quoted extensively from Medina-Montes's plea colloquy to the charges originating from Kansas.

The granting of a COA is a jurisdictional prerequisite to Medina-Montes's appeal from the denial of his consolidated § 2255 motion. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To be entitled to a COA, Medina-Montes must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Id.* (quotations omitted). In evaluating whether he has satisfied his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Id.* at 338. Although Medina-Montes need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Medina-Montes's appellate filings, the district court's order, and the entire record before this court pursuant to the framework set out by the Supreme Court in *Miller-El*, we conclude Medina-Montes is not entitled to a COA. The district court's resolution of Medina-

Montes's consolidated § 2255 motion is not reasonably subject to debate and the issues he seeks to raise on appeal are not adequate to deserve further proceedings. Accordingly, this court **DENIES** Medina-Montes's request for a COA and **DISMISSES** these appeals.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge