FILED
United States Court of Appeals
Tenth Circuit

December 3, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TYRONE L. ANDREWS,

Defendant-Appellant.

No. 10-3156
(D.C. No. 6:07-CR-10221-MLB-2)
(D. Kan.)

ORDER AND JUDGMENT[*]

Before **TYMKOVICH**, **EBEL**, and **GORSUCH**, Circuit Judges.

Tyrone L. Andrews pleaded guilty to multiple drug crimes, including

conspiracy to distribute cocaine, distribution of cocaine, use of a communication

device to facilitate a drug trafficking crime, and maintaining a drug-involved

premise. He was sentenced to 240 months' imprisonment. His plea agreement

included a waiver of both his right to appeal and to collaterally attack any matter

in connection with his prosecution or conviction. The agreement also included a

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

waiver of his right to appeal his sentence, with one limited exception. Despite these waivers in his plea agreement, Mr. Andrews has now filed an appeal challenging his convictions and sentence. The government has moved to enforce the appeal waiver in the plea agreement pursuant to our decision in *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). We grant the motion and dismiss the appeal.

In his plea agreement, Mr. Andrews agreed to waive his right to appeal his convictions and sentence, reserving the right to appeal only if the sentence he received was above the advisory sentencing guideline range as determined by the district court. At the plea hearing, the district court conducted a proper Rule 11 plea colloquy, asking Mr. Andrews if he understood the rights he was waiving by pleading guilty, including his right to appeal. At sentencing, the court determined the applicable sentencing range to be 210 to 262 months, and sentenced Mr. Andrews within that range.

Mr. Andrews' counsel filed a response to the government's motion to enforce the appeal waiver, stating that she "[h]ad undertaken a diligent and conscientious examination of the record below in accordance with *Anders v. California*, 386 U.S. 738 (1967)," and that there were "no grounds upon which to resist the appeal waiver." Resp. at 7. She concluded that defendant's direct appeal was frivolous and requested permission to withdraw as counsel. *See Anders*, 386 U.S. at 744 (authorizing counsel to request permission to withdraw

where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). We gave Mr. Andrews an opportunity to file a pro se response to the motion by November 8, 2010; to date he has neither filed a response nor sought an extension to file a response.

In the response, counsel did raise two issues on behalf of her client that we will briefly address. First, Mr. Andrews contends he received ineffective assistance of counsel with respect to the negotiation of his plea agreement. Although this specific type of ineffective-assistance-of-counsel claim is not barred by his plea agreement, *see United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001), such claims must ordinarily be raised in a collateral proceeding under 28 U.S.C. § 2255, not on direct appeal, *see United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). Second, Mr. Andrews asserts that the district court at sentencing "informed him he had a right to appeal his conviction and sentence." Resp. at 7. At sentencing, the district court stated, "to the extent you did not waive your right to appeal in the plea agreement, . . . you may appeal your conviction and your sentence." Mot. to Enforce, Attach. C at 46. The district court appropriately qualified his statement by referring Mr. Andrews to the plea agreement for the ultimate determination as to whether he could appeal. Even if the district court's statement could be viewed as misleading, however, a sentencing court's "statements made after the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the

-3-

plain language of the appeal waiver." *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004) (quotation omitted).

Under *Anders*, 386 U.S. at 744, we have conducted an independent review of the motion to enforce. We will enforce a criminal defendant's waiver of his right to appeal so long as the following three conditions are met: (1) "the disputed appeal falls within the scope of the waiver of appellate rights," (2) the defendant's waiver of his appellate rights was knowing and voluntary, and (3) enforcing the waiver will not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1325. We have reviewed the plea agreement, the transcripts of the plea and sentencing hearings, and the response from counsel, and we conclude that the *Hahn* factors have been satisfied.

Accordingly, we GRANT the government's motion to enforce the appeal waiver in the plea agreement and we DISMISS the appeal. We also GRANT counsel's motion to withdraw.

ENTERED FOR THE COURT
PER CURIAM