FILED
United States Court of Appeals
Tenth Circuit

January 14, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JEREMY HARRIS,

      Defendant - Appellant.

No. 15-3152
(D.C. No. 6:13-CR-10156-MLB-2)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

After accepting a plea agreement containing a broad appeal waiver,

Jeremy Harris pleaded guilty to one count of conspiracy to distribute marijuana in

violation of 21 U.S.C. §§ 841(a)(1) and 846.  The district court accepted his guilty

plea, but it deferred deciding whether to accept the plea agreement until after it saw

the presentence report.  The court informed the parties that if it sentenced Mr. Harris,

"the parties may assume that [the court has] accepted the plea agreement."  R. at 108.

Eventually the district court sentenced Mr. Harris to 144 months' imprisonment,

_____

[*] This panel has determined that oral argument would not materially assist the
determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The
case is therefore ordered submitted without oral argument.  This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel.  It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

below the advisory guideline range of 210 to 260 months. At sentencing, however, the district court never mentioned the plea agreement. And despite the appeal waiver, it stated to Mr. Harris, "You can appeal if you wish. [Defense counsel] can advise you about whether an appeal will do you any good. But if you wish to appeal, he'll file a notice of appeal for you." Mot. to Enforce, Attach. B at 20. Mr. Harris filed a pro se notice of appeal.

The government moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). In *Hahn*, we held that we would enforce appeal waivers as long as three conditions were met: (1) the matter on appeal "falls within the scope of the waiver"; (2) the defendant "knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver will not "result in a miscarriage of justice." *Id.* at 1325.

Mr. Harris's counsel responded that opposing the motion to enforce would be frivolous and moved to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Upon fully examining the proceedings, as *Anders* requires, *see id.*, we identified at least one non-frivolous issue—whether the district court ever accepted the plea agreement—and denied counsel permission to withdraw until Mr. Harris was appointed new counsel.

The response by Mr. Harris' second counsel acknowledges the issue this court identified, but does not argue that the waiver never came into effect because the district court did not accept the plea agreement. Rather, the response implicitly

2

concedes that the court accepted the plea agreement and instead focuses on a different issue:

> Here, Mr. Harris does not contend that his potential challenges to the sentence are beyond the purview of the written appeal waiver, or that a manifest injustice will occur absent appellate intervention. But the district court's post-sentencing grant of the right to appeal, coupled with the Government's failure to object, should render the appeal waiver unenforceable.

Amend. Resp. at 5. Therefore, we consider only whether the district court's statement at sentencing invalidated the waiver in the written plea agreement. *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (holding that the court need not consider a *Hahn* factor that the defendant does not contest).

Mr. Harris relies on *United States v. Smith*, 500 F.3d 1206, 1211 (10th Cir. 2007), in which the district court informed a defendant that she had a right to appeal, even though her plea agreement contained an appeal waiver. This court concluded that "the court's statement did not negate Ms. Smith's prior written waiver of her appellate rights." *Id.* But we also "acknowledge[d] that such instructions may have the potential to render appellate waivers invalid under different circumstances, such as when the instructions are inconsistent with the defendant's rights or when the district court's statement has the serious potential to confuse the defendant." *Id.* at 1212. Mr. Harris relies on this exception, asserting that "[t]hose circumstances exist in this case" because "the district court's broad grant of the right to appeal was inconsistent with the plea agreement's appeal waiver" and "the court's advice was potentially confusing . . . about the right to appeal." Amend. Resp. at 8.

3

Mr. Harris, however, ignores more apposite authority. In *Hahn* itself, this court noted that "statements made after the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver." 359 F.3d at 1328 n.14. We relied on *Hahn* to reject an argument similar to Mr. Harris's assertions in *United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004), where the district court erroneously stated at sentencing that the defendant could appeal the calculation of his criminal history. We held that the statement did not invalidate a broad appeal waiver because it came *after* the court had already accepted the defendant's plea. *See id.* at 1206-07.

> Although the district court later addressed the plea agreement, we have held that absent exceptional circumstances, the district court lacks authority to modify a plea agreement at sentencing. Because we find no such exceptional circumstances here, we hold that the district court's statements at sentencing did not modify the broad language of the waiver.

*Id.* at 1206 (citation and internal quotation marks omitted). Similarly, Mr. Harris accepted his plea agreement, including the waiver, well before his sentencing, so the district court's statement at the end of sentencing could not have confused him about the scope of the waiver. Further, he has not shown any exceptional circumstances that would have allowed the district court to modify his plea agreement. As in *Smith*, *Arevalo-Jimenez*, and *Hahn*, notwithstanding the district court's statement, the waiver is valid and enforceable.

The motion to enforce is granted and this matter is dismissed.

Entered for the Court
Per Curiam

4