FILED
United States Court of Appeals
Tenth Circuit

February 25, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY DAVON WILLIAMS,

Defendant - Appellant.

No. 15-3277
(D.C. No. 5:14-CR-40094-DDC-3)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **MATHESON** and **PHILLIPS**, Circuit Judges.

Anthony Davon Williams pleaded guilty to conspiracy to possess with intent to

distribute cocaine. *See* 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A). As part of his

plea agreement, Mr. Williams waived his appellate rights "except to the extent, if

any, the [district court] impose[d] a sentence in excess of the sentence recommended

by the parties." Mot. to Enforce, Att. C (Plea Agreement) at 13. The parties agreed

to a 156-month prison term, and after accepting his guilty plea, the district court

---

[*] This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

sentenced Mr. Williams to the agreed-upon 156 months in prison.  Nevertheless,

Mr. Williams filed a notice of appeal, and the government has now moved to enforce

the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004)

(en banc) (per curiam).[1]

In evaluating a motion to enforce an appeal waiver, we consider "(1) whether

the disputed appeal falls within the scope of the waiver of appellate rights;

(2) whether the defendant knowingly and voluntarily waived his appellate rights; and

(3) whether enforcing the waiver would result in a miscarriage of justice."

*Id.* at 1325.  Mr. Williams challenges only the second element, claiming he did not

execute his appeal waiver knowingly and voluntarily.  We therefore restrict our

analysis to the second *Hahn* factor, *see United States v. Porter*, 405 F.3d 1136, 1143

(10th Cir. 2005) (declining to consider uncontested issue), and evaluate only whether

Mr. Williams satisfied his burden to show that he did not knowingly and voluntarily

execute his appeal waiver, *see United States v. Tanner*, 721 F.3d 1231, 1233

(10th Cir. 2013) (per curiam) (requiring defendant to show that his appeal waiver was

not knowingly and voluntary).

To assess whether a defendant knowingly and voluntarily waived his appellate

rights, "we ordinarily look to (1) whether the language of the plea agreement states

---

[1]    In his docketing statement, Mr. Williams described his proposed appeal as
follows:  "Defendant wishes to challenge all rulings in the case that could be deemed
adverse[,] including, but not limited to, Speedy Trial, suppression of evidence,
conviction, objections to PSIR and sentence imposed."  Dkt. Stmt. at 4.

that the defendant entered the agreement knowingly and voluntarily; and (2) whether the district court conducted an adequate Federal Rule of Criminal Procedure 11 colloquy." *United States v. Rollings*, 751 F.3d 1183, 1188 (10th Cir.) (internal quotation marks omitted), *cert. denied*, 135 S. Ct. 494 (2014). "[T]he synergistic effect of both will often be conclusive." *Tanner*, 721 F.3d at 1234. However, "either the express language of the plea agreement, if sufficiently clear, detailed, and comprehensive, or the probing inquiry of a proper Rule 11 colloquy could be enough to conclude the waiver was knowing and voluntary." *Id.*

Here, both the plea agreement and the district court's Rule 11 colloquy demonstrate that Mr. Williams knowingly and voluntarily waived his appellate rights. Paragraph 10 of the plea agreement contains the appeal waiver and states:

> [Mr. Williams] knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, his conviction, or the components of the sentence . . ., including the length and conditions of supervised release, as well as any sentence imposed upon revocation of supervised release. [Mr. Williams] is aware that 18 U.S.C. § 3742 affords him the right to appeal the conviction and sentence imposed. By entering into this agreement, [Mr. Williams] knowingly waives any right to appeal a sentence imposed in accordance with the sentence recommended by the parties under Rule 11(c)(1)(C). [Mr. Williams] also waives any right to challenge his sentence, or the manner in which it was determined, or otherwise attempt to modify or change his sentence, in any collateral attack, including, but not limited to, a motion brought under 28 U.S.C. § 2255 (except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)), or a motion brought under Federal Rule of Civil Procedure 60(b). In other words, [Mr. Williams] waives the right to appeal the sentence imposed . . . except to the extent, if any, the Court imposes a sentence in excess of the sentence recommended by the parties under Rule 11(c)(1)(C).

Mot. to Enforce, Att. C (Plea Agreement) at 13.

Additionally, paragraph 14 of the plea agreement indicates that Mr. Williams had time to discuss his case and the plea agreement with his attorney; that he had read and understood the plea agreement; and that he agreed it was "true and accurate and not the result of any threats, duress, or coercion." *Id.* at 15. Mr. Williams acknowledged all of these provisions by signing just below a sentence stating that he was "entering his guilty plea freely, voluntarily, and knowingly." *Id.* at 16. This language demonstrates that Mr. Williams knowingly and voluntarily waived his appellate rights.

The district court's Rule 11 colloquy bolsters this conclusion. At the change of plea hearing, Mr. Williams stated that he was thirty-three years old and had completed one year of college. In response to the court's questioning, he indicated that he had reviewed the plea agreement with his attorney, had fully questioned his attorney, and had made the decision to enter the plea agreement himself, without any force or threats made against him. Mr. Williams also questioned the court to his satisfaction, soliciting clarification from the court, the government, and his own attorney as to the scope of the waiver. He then maintained that he wished to plead guilty. Afterwards, the district court explained the waiver to Mr. Williams and advised him that he was "giving up substantial parts of [his] right to appeal and also parts of [his] right to later attack this conviction." *Id.*, Att. A (Change of Plea Tr.) at 24. Mr. Williams indicated that he knew what he was doing. He also acknowledged the constitutional rights that he was forfeiting and admitted the factual

predicate for his guilty plea.  Only after establishing all this did the district court accept Mr. Williams' guilty plea as "knowing and voluntary and intelligent." *Id.* at 38.

Nevertheless, Mr. Williams contends he did not knowingly and voluntarily execute the appeal waiver because the district court's plea colloquy only informed him that he was waiving "substantial parts" of his right to appeal, without identifying which specific parts he was waiving.  But we have upheld as knowing and voluntary an appeal waiver that the district court did not specifically mention during the Rule 11 colloquy.  *See Tanner*, 721 F.3d at 1235.  Here, by contrast, the district court fully answered Mr. Williams' questions concerning the scope of his appeal waiver.  The court then specifically directed Mr. Williams to the precise paragraph of the plea agreement that contained the appeal waiver and advised him that through the appeal waiver, he was waiving substantial parts of his appellate rights.  The court asked Mr. Williams if he knew what he was doing, and Mr. Williams replied that he did.  Against all this, Mr. Williams cites no evidence or authority to carry his burden and support his claim that the court "implicitly misinformed" him by telling him he was waiving substantial parts of his appellate rights.  Resp. Br. at 5.

Mr. Williams also contends that his questions at the sentencing hearing show that he did not fully appreciate the implications of his appeal waiver.  At sentencing, he again questioned the court about the scope of the appeal waiver, asking whether it precluded him from seeking to modify his sentence based on new, retroactive

changes in the law.  After obtaining assurances from the court, the government, and defense counsel that it would not, Mr. Williams elected to proceed with sentencing, stating, "I can be sentenced today."  Mot. to Enforce, Att. B (Sent. Tr.) at 13.  But nothing in his questions suggests he misunderstood the consequences of his appeal waiver.  To the contrary, his questions, which were fully answered by the court and counsel, support the conclusion that he executed the waiver knowingly and voluntarily.  And, in any event, a defendant like Mr. Williams cannot rely on statements made at sentencing to inject ambiguity into a knowingly and voluntary plea agreement.  *See United States v. Arevalo-Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004) ("[S]tatements made after the entry of the appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver." (internal quotation marks omitted)).

The record demonstrates that Mr. Williams' waiver was knowing and voluntary.  Therefore, we grant the government's motion to enforce the appeal waiver.  This appeal is dismissed.

Entered for the Court
Per Curiam