FILED
United States Court of Appeals
Tenth Circuit

May 11, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAMIAN MARC SMITH,

Defendant - Appellant.

No. 17-1414
(D.C. No. 1:17-CR-00123-CMA-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **KELLY**, and **EID**, Circuit Judges.
_____

Damian Marc Smith accepted a plea agreement with an appeal waiver and

pleaded guilty to possession of child pornography, in violation of 18 U.S.C.

§ 2252A(a)(5)(B).  After he was sentenced to 97 months' imprisonment, a sentence

that fell within the penalty range provided by statute, he appealed.  The United States

has moved to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315,

1328 (10th Cir. 2004) (en banc) (per curiam).

---

[*]  This panel has determined unanimously that oral argument would not
materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.
This order and judgment is not binding precedent, except under the doctrines of law
of the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Smith's counsel filed a response indicating she could find no non-frivolous basis for opposing the government's motion, and requesting leave to withdraw as counsel. We provided Mr. Smith the opportunity to respond. *See Anders v. California*, 386 U.S. 738, 744 (1967). He did so, asserting that he was subjected to prosecutorial misconduct that prejudiced the sentencing court against him, that his public defender failed to provide him with effective assistance of counsel, and that the district court specifically advised him at sentencing that he had the right to appeal.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." 359 F.3d at 1325. Our independent review of the record, *see Anders*, 386 U.S. at 744, does not reveal any non-frivolous arguments regarding the enforceability of the waiver that Mr. Smith can pursue on direct appeal.

***Scope of the Waiver.*** First, we consider whether the appeal falls within the scope of the waiver. *Hahn*, 359 F.3d at 1325. The plea agreement provides that Mr. Smith "waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless . . . the sentence exceeds the maximum penalty provided in the statute of conviction; or . . . the government appeals the sentence imposed." Plea Agreement at 2. Mr. Smith also reserved the right to seek collateral review of claims concerning a retroactive change in the sentencing guidelines or the

2

sentencing statute, ineffective assistance of counsel, or prosecutorial misconduct. *Id.* at 2-3.

Mr. Smith complains of prosecutorial misconduct that affected his sentencing. In the plea agreement, he reserved the right to bring a collateral proceeding asserting prosecutorial misconduct claims, limited to those that are "available in a collateral attack." *Id.* at 2. To the extent he seeks to bring such claims in this direct appeal, rather than a collateral proceeding, they fall within the scope of his waiver of the right to directly appeal from matters pertaining to his prosecution, conviction, and sentence.

Mr. Smith also challenges his counsel's performance. Claims regarding ineffective assistance of counsel are explicitly excluded from the scope of Mr. Smith's waiver. But that exclusion applies to collateral review, not this direct appeal. In addition, it has long been the rule that ineffective-assistance claims generally should be raised in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). "This rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel." *United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005); *see also Hahn*, 359 F.3d at 1327 n.13. Therefore, to the extent that Mr. Smith wishes to allege ineffective assistance of counsel, he will have to do so by bringing a § 2255 motion.

Finally, Mr. Smith argues that the district court specifically advised him at sentencing that he had a right to appeal. But "statements made after the entry of the

3

appeal waiver and the district court's acceptance of the guilty plea cannot overcome the plain language of the appeal waiver." *United States v. Arevalo–Jimenez*, 372 F.3d 1204, 1206 (10th Cir. 2004) (quoting *Hahn*, 359 F.3d at 1328 n.14). We conclude that all claims described by Mr. Smith in his response fall within the scope of the waiver as it pertains to this appeal.

   ***Knowing and Voluntary***. We next consider whether the waiver was knowing and voluntary. *Hahn*, 359 F.3d at 1325. In evaluating this factor, we generally examine the language of the plea agreement and the adequacy of the Fed. R. Crim. P. 11 plea colloquy. *Id.* It is Mr. Smith's burden "to provide support for the notion that he did not knowingly and voluntarily enter into his plea agreement." *Id.* at 1329.

   The plea agreement's waiver paragraph represents that the appeal waiver was knowingly and voluntarily accepted. Further, during the plea colloquy the district court advised Mr. Smith of the appeal waiver. The court confirmed Mr. Smith's understanding that by entering into the plea agreement, he was giving up his right to appeal his conviction and sentence except in the circumstances described in the plea agreement. Mr. Smith acknowledged that no one had forced him to plead guilty, he had discussed the plea agreement with his attorney, and he was satisfied with his attorney's representation. The district court found that Mr. Smith was "fully competent and capable of entering an informed plea," Change of Plea Tr. at 27, and that his guilty plea was entered "knowingly, voluntarily, and intelligently," *id.* at 28.

4

Mr. Smith asserts that the prosecution "forc[ed] [a] terrified defendant[] into [an] unfairly worded plea deal[]." Pro Se Resp. at 2. However, he fails to explain how the plea agreement was unfairly worded or how he was forced into agreeing to any unfair wording. His unsworn response cannot impeach the official record, which fails to support any non-frivolous argument that the waiver was not knowing and voluntary.

*Miscarriage of Justice*. Finally, we consider whether enforcing the waiver would result in a miscarriage of justice, as *Hahn* defines that term. *Hahn*, 359 F.3d at 1325, 1327. A miscarriage of justice occurs "[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful." *Id.* at 1327 (brackets in original; internal quotation marks omitted). Only ineffective assistance of counsel potentially appears to be implicated here. As stated above, however, any such allegations should be raised in a § 2255 proceeding. *See Porter*, 405 F.3d at 1144; *Hahn*, 359 F.3d at 1327 n.13.

For these reasons, we determine that it is "wholly frivolous" for Mr. Smith to oppose the motion to enforce his plea agreement's appeal waiver in this direct appeal. *Anders*, 386 U.S. at 744. The motion to enforce is granted, and this matter is dismissed without prejudice to Mr. Smith filing a § 2255 motion alleging ineffective assistance of counsel, or seeking collateral review of any other matters permitted to

5

be asserted on collateral review under the terms of his plea agreement.  Counsel's request to withdraw is granted.

Entered for the Court
Per Curiam